

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Mt. Pleasant, Texas

Dear Mr. Vance:

Opinion No. O-7286

Re: What constitutes a break in a
daily paper, so that it will not
be classed as a legal publication
for legal notices, assuming that
paper is a six-day paper, and re-
lated questions.

Your request for an opinion by this department upon
the above subject-matter is as follows:

"I noticed a news item of a ruling that your
office made sometime back regarding a newspaper
that discontinued its publication for one week. I
would like to have a copy of that opinion and if
it does not cover all the following questions, I
would like to have your opinion on them:

"1. What constitutes a break in a daily pap-
er so that it will not be classed as a legal pub-
lication for legal notices, assuming that this
paper is now a six day paper?

"2. In case a discontinuance of one day con-
stitutes a break, will holidays have any effect on
this?

"3. What constitutes a break in a weekly pub-
lication in order to make it no longer eligible to
accept legal notices?

"4. What effect will publishing the paper out-
side the county if it is mailed inside the county
and carries address of the place of mailing?"

Upon our request therefor, you have supplemented the
facts, as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"We have a six day daily paper here in the county
which frequently does not publish a paper on a holiday
and as I remember closed down for three days during
the thanksgiving holidays. Being a daily paper and
the statute requiring that it be published "regularly
and continuously for not less than twelve (12) months
prior to the making of any publication", would not one
day break in publication cause it not to comply with
the statute?

"This paper some few weeks ago suspended operations
entirely for one whole week to install a new press. If
the above irregularity does not disqualify it, in your
opinion would not this last break of one whole week
disqualify it for taking legal publications?"

We shall answer your questions categorically.

1.  In common parlance a daily newspaper is one whose
publication is daily, as contradistinguished from weekly, bi-
weekly, monthly, and the like. Ordinarily, when publication is
required or authorized to be made in a daily newspaper, the
courts in passing upon legal sufficiency of publication, have
given to the term a meaning in accord with the popular under-
standing.

This popular-sense rule has been applied in the fol-
lowing cases:

> Hanson v. City of Havre, 114 Pac. (2) 1053;
> State ex rel Item Company v. O'Neill, 4 So.
>     (2) 633;
> Fairhaven Pub. Co. v. Bellingham, 98 Pac.97;
> City of Richmond v. Miller, 107 N. E. 550;
> Alley v. Muskogee, 156 Pac. 315;
> Wilson v. Petzold, 76 S. W. 1093;
> Tribune Pub. Co. v. Duluth, 47 F. V. 809;
> Richardson v. Tobin, 45 Calif. 30.

An examination of these authorities will show that
it is not required that such newspaper shall be published seven
days in the week. Failure, however, to meet any one or more of
the requirements of Article 28a of Vernon's Civil Statutes would
defeat eligibility; and a resumption of publication after there
had once been an abandonment would not, of course, restore stat-
utory eligibility. It would be the beginning of a new paper or
publication.

2. We have said that it was not essential that a daily paper should be published every day in the week. Moreover, no "discontinuance" of one day would constitute a break, where the "discontinuance" is not an abandonment of the enterprise, but a mere failure to print an edition, as upon Sundays or legal holidays, or in case of accident or casualty of any sort.

3. What we have said in answer to questions 1 and 2 likewise constitutes an answer to your question 3. A mere failure to get out the usual weekly edition by reason of accident, casualty, or the like, would not be a fatal break in the publication, making it no longer eligible to accept legal notices for publication. Of course, there might arise a situation where failure to print would be for such a time, and under such circumstances, as would raise the issue of an abandonment so as to deprive the paper of its prior eligibility. The facts and circumstances surrounding the failure to print could thus raise a fact issue.

4. A paper is published at the time and place where it is released to the public, not where it is mechanically produced. We so held in our Opinion No. O-7112, to which you refer in your letter, a copy of which opinion we hand you herewith. We adhere to that holding.

Any holding in that opinion, however, in conflict with what we hold herein is here now overruled.

We need hardly to add, however, that where a publication is required to be made for, say, four weeks in a newspaper, and there should by reason of casualty or accident, or from any other cause, be a failure of publication for one week, there would be such a break as to be fatal to validity of the publication — not because of any want of eligibility of the weekly paper, but because of the insufficient publication therein for the time required. The publication would have to start again. You will bear in mind the particular requirement of any given statute, or instrument whatsoever as to the time and nature of the publication is not a question of eligibility of the newspaper, but one of compliance with the statute as to sufficiency of publication.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Ocie Speer
ASSISTANT

OS-WH
Enclosure.